NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD ANGELUCCI, an individual,

Plaintiff-Appellant,

v.

ALEJANDRO N. MAYORKAS, Secretary, United States Department of Homeland Security,

Defendant-Appellee.

No.    23-55246

D.C. No.
3:20-cv-00435-AJB-JLB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted March 28, 2024[**]
Pasadena, California

Before:  GRABER, IKUTA, and FORREST, Circuit Judges.

Plaintiff Richard Angelucci is a former Transportation Security

Administration (TSA) employee.  He appeals from the summary judgment entered

in favor of his employer, Defendant Alejandro Mayorkas, in his official capacity as

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Secretary of Homeland Security, in this Title VII discriminatory discharge action.  On de novo review, CFPB v. Aria, 54 F.4th 1168, 1171 (9th Cir. 2022), we affirm.

We assume, without deciding, that Plaintiff established a prima facie case of discrimination under the McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), framework, thus shifting the burden to Defendant to provide a legitimate, nondiscriminatory reason for firing Plaintiff.  See Opara v. Yellen, 57 F.4th 709, 721–24 (9th Cir. 2023) (discussing shifting burden of proof).  Defendant met that burden by pointing to Plaintiff's lack of candor in knowingly submitting to a mortgage lender a letter, written on TSA letterhead, that contained false information about Plaintiff's employment history at TSA.  Defendant articulated several aggravating factors that led to Plaintiff's firing, such as his failure to adhere to TSA policy and his past disciplinary record, which included a previous suspension for off-duty misconduct resulting from an arrest for felony vandalism—unlawful conduct that reflected badly on TSA.  The burden therefore shifted back to Plaintiff to show that Defendant's reasons were pretextual.  Id. at 723–24.

Plaintiff's proffered circumstantial evidence of pretext does not create a genuine issue of material fact.  See Coghlan v. Am. Seafoods Co., 413 F.3d 1090, 1095 (9th Cir. 2005) (stating that circumstantial evidence of pretext must be "specific and substantial" to survive a motion for summary judgment (citations

omitted)). The two TSA employees who Plaintiff argues are comparators were not similarly situated to him because, unlike Plaintiff—whom Defendant previously had suspended, investigated, and disciplined for vandalizing a car—neither employee had received any prior disciplinary actions. See Vasquez v. County of Los Angeles, 349 F.3d 634, 641 (9th Cir. 2003) (stating that individuals are similarly situated when they "display similar conduct"), as amended (Jan. 2, 2004). For the same reason, to the extent Plaintiff relied on McGinest v. GTE Service Corp. to establish discrimination, Plaintiff failed to carry his burden of proving that "a discriminatory reason more likely than not motivated" the employer. 360 F.3d 1103, 1122 (9th Cir. 2004).

We also reject Plaintiff's claim that a factual dispute exists as to who wrote the letter that he submitted to the mortgage lender. Plaintiff previously stated, under oath, in affidavits and a deposition that he wrote the letter. He cannot now manufacture a factual dispute by contradicting those sworn statements and arguing on appeal that his supervisor was the author. See Cleveland v. Pol'y Mgmt. Sys. Corp., 526 U.S. 795, 806 (1999) ("[A] party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement (by, say, filing a later affidavit that flatly contradicts that party's earlier sworn deposition) . . . ."); Van Asdale v. Int'l Game Tech., 577 F.3d 989, 998 (9th Cir. 2009) (same). In addition, the issue of whether Plaintiff or his

3

supervisor authored the letter is not a material fact that could affect the outcome of the case, because Defendant's description of Plaintiff's conduct leading to his firing did not opine or rely on whether Plaintiff authored the letter.  See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").  Similarly, that the recommending official changed his mind about how to discipline Angelucci is not evidence of discrimination.  <u>Id.</u>

**AFFIRMED.**